**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| LINETEC SERVICES, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:26-cv-08413 |
| | § | |
| SHELTON ENERGY SOLUTIONS, | § | |
| LLC and DEREK SNYDER, | § | |
| | § | |
| Defendants. | § | |
| | § | |

**RESPONSE IN OPPOSITION TO PLAINTIFF'S RENEWED MOTION FOR EXPEDITED DISCOVERY BY DEFENDANT SHELTON ENERGY SOLUTIONS, LLC**

Linetec's Renewed Motion for Expedited Discovery seeks to utilize discovery under the imprimatur of a Court order to search for information to support a lawsuit against SES that should not have been filed in the first place; not in this Court and not on the facts known to Linetec.

The motion should be denied as premature pending resolution of SES's Rule 12(b) motions. By separate filing, SES seeks a protective order under Rule 26(c)(1) staying all discovery until the pending Rule 12(b) motions are resolved.

Further, Linetec fails to demonstrate good cause to support expedited discovery for at least three reasons. First, Linetec has not properly moved for a preliminary injunction and there is no hearing on a preliminary injunction. This point

was made in SES's opposition to Linetec's original request, without response by Linetec. There simply is no justification for expedited discovery in the current posture of this proceeding. Second, Linetec has not established that it cannot engage in discovery under the timeframes established by the Federal Rules (Rule 26, *et seq.*). Third and finally, Linetec has not established that the discovery it seeks is material or necessary for a hearing (not requested). Alternatively, if the Court is inclined to permit discovery, it should be strictly limited to items material to Linetec's preliminary injunction request contained in its Complaint (see R.Doc. 1 at ¶ 152).

## I. BACKGROUND

Linetec alleges that SES conspired with Snyder to raid its workforce and customers and induced him to breach his restrictive covenants. R.Doc. 1 at ¶¶ 5, 100–101. It alleges that roughly 90 employees resigned after Snyder met with Linetec foremen at a Shreveport Holiday Inn. R.Doc. 30 at 7; R.Doc. 1 at ¶¶ 42–48. Linetec also filed a declaration from a forensic examiner who imaged Snyder's Linetec laptop. The examiner identified three USB devices connected to the laptop and two workbooks that Snyder accessed from external storage, one containing CLECO pricing information and one containing employee contact information. R.Doc. 1-6 at ¶¶ 4–5. The declaration identifies no transfer to SES and no use of either workbook on an SES system. *Id.* at ¶¶ 3–7.

On September 9, Linetec sent SES a letter asserting Snyder's restrictive covenants. R.Doc. 1-9. SES, through its counsel, responded two days later, informing Linetec that Snyder denies signing the employment agreement, and it enclosed a verification signed by Snyder on September 2 (R.Doc. 27-17 at 7–8) assuring SES that he had no applicable noncompete or nonsolicitation agreement with a former employer and that he had not brought and would not bring a former employer's materials to SES. *Id.* at 8. On September 21, SES's counsel provided Linetec with a list of all former Linetec employees hired by SES and reported that each had provided SES the same written assurance. R.Doc. 27–17 at 9. Moreover, counsel for SES requested copies of all Linetec employment agreements allegedly implicated by SES employment. *Id.* Linetec provided none. *Id.* at 3.

Instead, on September 25 Linetec filed suit (R.Doc. 1) and moved for expedited discovery three days later, but without requesting a hearing on a request for preliminary injunction embedded in its Complaint. R.Doc. 2. On October 27, the Court struck the motion under Local Rule 7.1(D) and ordered counsel to confer. R.Doc. 22 at 1–2. Counsel conferred on November 3 but failed to reach agreement. R.Doc. 30 at 6.

On November 5, SES moved to dismiss for improper venue or, alternatively, to transfer this case to the Western District of Louisiana, and separately moved to dismiss for failure to state a claim. R.Doc. 27; R.Doc. 28. Snyder also moved for a

partial dismissal for failure to state a claim. R.Doc. 29. Linetec renewed its discovery motion the next day (R.Doc. 30), again without a motion for preliminary injunction or a proposed order setting a hearing.[1]

## II. LAW AND ARGUMENT

### A. Discovery is premature in light of the pending Rule 12(b) motions.

For the reasons set out in SES's Motion for Protective Order Staying Discovery, which is incorporated herein by reference, all discovery involving SES should be stayed until SES's Rule 12(b) motions are resolved. Under Rule 26(c)(1), the Court may stay discovery for good cause, such as where further discovery "will impose undue burden or expense without aiding the resolution of the dispositive motions." *Fujita v. United States*, 416 F. App'x 400, 402 (5th Cir. 2011). SES seeks dismissal of Linetec's claims on two distinct grounds: that venue is improper and that Linetec's factual allegations fail to state a claim against SES. R.Doc. 27; R.Doc. 28.

[1] Linetec requests the Court to order SES to answer 14 requests for production and eight interrogatories and to complete its production within seven days, and to produce a corporate representative for deposition within 20 days. R.Doc. 30-5 at 2. Among other things, Linetec's requests seek the identity of every current or former Linetec employee anyone at SES contacted about potential work since January 1, 2026; Snyder's communications about Linetec's customers and the bids in which he participated; any agreement by SES to pay his legal fees; and records of the devices he used at SES. R.Doc. 30-3 at 11–13; R.Doc. 30-4 at 10. It also asks for leave to take third-party discovery and for a preservation order. R.Doc. 30-5 at 3.

Linetec's Renewed Motion for Expedited Discovery is silent as to SES's Rule 12(b) Motions.[2] Indeed, Linetec does not argue that expedited discovery is needed in order to oppose the Rule 12(b) Motions.

**B. Standard Under Rule 26 for Expedited Discovery**

Rule 26(d)(1) generally bars discovery before the parties confer under Rule 26(f). *See, e.g., Davis v. Duncan Energy Partners L.P.*, 801 F. Supp. 2d 589, 596 (S.D. Tex. 2011). Written responses to interrogatories and requests for production ordinarily are due within 30 days of service. Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A). However, Rule 26(d)(1) permits expedited discovery by court order or stipulation.

The party seeking expedited discovery bears the burden of showing that expedited discovery is necessary and that its need for expedited discovery outweighs the resulting prejudice to the non-moving parties. *O'Connor v. Ladrido*, No. 3:25-CV-3484-N-BN, 2026 WL 913128, at *2 (N.D. Tex. Apr. 2, 2026). Furthermore, "[e]xpedited discovery is not the norm." *St. Louis Grp., Inc. v. Metals & Additives Corp.*, 275 F.R.D. 236, 240 (S.D. Tex. 2011) (quoting *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. O'Connor*, 194 F.R.D. 618, 623 (N.D. Ill. 2000)). Moreover, even if permitted, the scope and subject matter of requested expedited discovery should be narrowly tailored. *Id.*

---

[2] Notably, while silent as to SES's Rule 12 Motions, Linetec devotes a portion of its motion to Snyder's motion to dismiss. R.Doc. 30 at 19–21.

Courts in this circuit typically consider five factors when considering whether to permit expedited discovery: whether a preliminary injunction is pending, the breadth of the requests, the purpose for requesting expedited discovery, the burden of compliance, and how far in advance of the typical discovery process the request was made. *See, e.g., St. Louis Grp., Inc. v. Metals & Additives Corp.*, 275 F.R.D. 236, 239 & n.4, 240 (S.D. Tex. 2011). The requests must also be proportional to the needs of the case, and the Court must limit discovery when the information can be obtained from a more convenient or less burdensome source. Fed. R. Civ. P. 26(b)(1), (b)(2)(C)(i). Finally, a pending preliminary injunction application "does not constitute per se good cause." *O'Connor*, 2026 WL 913128, at *2 (quoting *Talon Transaction Techs., Inc. v. StoneEagle Servs., Inc.*, No. 3:13-cv-902-P, 2013 WL 12172925, at *2 (N.D. Tex. May 14, 2013)).

**C. Linetec has not shown good cause for expedited discovery.**

Even if this Court finds that Count X of Linetec's Complaint properly requests a preliminary-injunction hearing, Linetec has nonetheless failed to establish an exigent circumstance that would justify expedited discovery as there is no briefing schedule nor hearing set on Linetec's request for preliminary injunction. To order SES to respond to overly broad and irrelevant discovery requests under a truncated timeline in the absence of a hearing date or briefing schedule is a solution in search of a problem and a far cry from "good cause."

1. Linetec's bare request for preliminary injunction does not establish good cause.

Linetec relies on its bare request for a preliminary injunction while disregarding the actual state of the proceedings and its own lack of diligence to file a formal motion or to propose an order. Simply, there is no requested, let alone scheduled, event against which to measure Linetec's plea of urgency. A pending injunction application is not *per se* good cause for expedited discovery. *O'Connor*, 2026 WL 913128, at *2; *see also SHI Int'l Corp. v. Clutch Sols., LLC*, No. 4:25-CV-431-SDJ, 2025 WL 4220413, at *2 (E.D. Tex. Aug. 26, 2025).

Linetec's reliance on *OrthoAccel Technologies, Inc. v. Propel Orthodontics, LLC* is misplaced. In *OrthoAccel* the court denied expedited discovery based on the breadth, burden, and timing of the discovery despite a properly presented application for a preliminary injunction and a pending hearing. *OrthoAccel Techs., Inc. v. Propel Orthodontics, LLC*, No. 4:16-CV-350, 2016 WL 3747222, at *2, *4–5 (E.D. Tex. July 13, 2016). The plaintiff broadly requested information needed to establish its claims on the merits well in advance of traditional discovery, which the court agreed was "manifestly improper." *Id.* (internal quotation marks omitted). Similarly, Linetec's requests reach back more than ten months and tracks every claim in the Complaint "well in advance of the ordinary discovery process," as Linetec acknowledges. R.Doc. 30 at 14, 17; R.Doc. 30-3 at 8; R.Doc. 30-4 at 6. And unlike the *OrthoAccel* plaintiff, which requested a hearing with its application, Linetec says

only that it "intends to request a hearing." *OrthoAccel*, 2016 WL 3747222, at *4 n.2; R.Doc. 30 at 13.

Courts have denied expedited discovery in strikingly similar cases even when the employer's injunction request was moving forward. In *SHI International Corp.*, where an employer accused a competitor of raiding its workforce and customers with the help of its former employees, the court refused expedited discovery even though a preliminary-injunction hearing was approaching. *SHI Int'l Corp.*, 2025 WL 4220413, at *1–2. And in *Heil Trailer International, Co. v. Kula*, where former engineers allegedly took their employer's trade secrets to a competitor, the court rejected the request as premature in the same order that set a briefing schedule on the employer's application for a preliminary injunction. *Heil Trailer Int'l, Co. v. Kula*, No. 4:12-CV-385-Y, 2012 WL 12877644, at *1–2 (N.D. Tex. June 12, 2012). Similarly, Linetec should not be permitted to engage in an expedited fishing expedition of one of its competitors without a clear demonstration of actual urgency.

2. <u>Linetec's requests are overly broad.</u>

The second good-cause factor, the breadth of the requests, weighs against expedited discovery. Linetec's proposed expedited discovery are as broad as those rejected in *SHI International Corp.* and *OrthoAccel*, and in key respects, they are broader. The court in *SHI International Corp.* denied expedited discovery "most importantly" because of the employer's "failure to narrowly tailor its discovery

requests," even though, when the court ruled in August 2025, those requests reached back less than eight months, to January 1, 2025. 2025 WL 4220413, at *1–2. Linetec reaches back further. Linetec filed its renewed motion on November 6, 2026, and its requests to SES default to a period beginning January 1, 2026, more than ten months earlier. R.Doc. 30; R.Doc. 30-3 at 8; R.Doc. 30-4 at 6.

The overbreadth is clearest when the requests are measured against the injunction Linetec actually seeks. Paragraph 152(a)–(c) of the Complaint concerns use, disclosure, return, and imaging of Linetec materials; (d)–(g) target Snyder's employment, solicitation, and disparagement; (h) concerns SES's direction of his conduct or interference with his covenants; and (i)–(j) address interference with customer relationships and preservation. R.Doc. 1 at ¶ 152. As to SES, that relief turns on two present-tense questions: whether SES has either workbook or other Linetec material, and whether SES is directing Snyder to solicit Linetec's employees or customers or is otherwise interfering with Linetec's customer relationships.

Whether SES knew of Snyder's covenants before it hired him, and whether it induced a breach, are elements of the interference claim that may relate to liability. *Id.* at ¶¶ 100–101. The restraints in paragraph 152 govern SES's conduct from here forward, so what SES knew before September 9 is entirely irrelevant to the preliminary injunction Linetec seeks. R.Doc. 1 at ¶ 152. That knowledge may bear on whether Linetec can show a likelihood of success on its interference claim, but

the documents on which that question would be decided are already in Linetec's hands: its September 9 letter, SES's responses, and Snyder's verification. R.Doc. 1-9 at 3–4; R.Doc. 27-17 at 7–8; R.Doc. 28-4 at 1–2.

While a fact may bear on both interim relief and the merits, Linetec must explain why it needs the fact now. Instead, Linetec says the subjects of its requests "track the Complaint's contract, fiduciary-duty, interference, conspiracy, unfair-competition, unjust-enrichment, DTSA, and TUTSA allegations." R.Doc. 30 at 14. Requests that track every count of a complaint are merits discovery, not discovery tailored to an injunction hearing. *See OrthoAccel*, 2016 WL 3747222, at *4.

3. Linetec's stated purpose does not justify expedited discovery.

The third good-cause factor, the purpose for requesting expedited discovery, also weighs against a finding of good cause here. Linetec's stated purpose is nothing new, and it reflects no exigent need for preliminary relief. Linetec wants discovery "to uncover the full scope of Defendants' unlawful conduct" and to "determine the nature and extent of Defendants' alleged conduct and prepare for the preliminary injunction hearing." R.Doc. 30 at 7, 17. The employer in *SHI International Corp.* sought, in the court's words, to establish "the full extent of all Defendants' alleged misconduct." 2025 WL 4220413, at *2. The employer in *Heil* sought "the true scope of the systematic theft" of its property. 2012 WL 12877644, at *2. And the plaintiff in *OrthoAccel* wanted "to prepare for the injunction hearing and determine the extent

of" the defendants' false advertising. 2016 WL 3747222, at *5. All were denied expedited discovery. Linetec offers the same justification nearly word for word and should meet the same result.

Linetec also argues that expedited discovery is required to "preserve critical evidence before Defendants can destroy or conceal it." R.Doc. 30 at 7. Despite this, the duty to preserve relevant evidence arises when litigation is reasonably anticipated. *Rimkus Consulting Grp., Inc. v. Cammarata*, 688 F. Supp. 2d 598, 612–13 (S.D. Tex. 2010); *see* Fed. R. Civ. P. 37(e). Linetec identifies no SES deletion, missing record, refusal to preserve, or impending loss. Its examiner describes activity on a Linetec laptop. R.Doc. 1-6 at ¶¶ 3–7. Yet the proposed order would direct the defendants alone to preserve evidence relevant to every claim. R.Doc. 30-5 at 3; *see* R.Doc. 1 at ¶ 152(j).

In the same *Legacy of Life* litigation Linetec cites, the court limited a preservation order to specified materials and to the one employee accused of deleting evidence. It declined relief against the competitor and the other employees because there was "no indication that these defendants have or will destroy evidence." *Legacy of Life, Inc. v. Am. Donor Servs., Inc.*, No. SA-06-CA-0802-XR, 2006 WL 8435984, at *2–3 (W.D. Tex. Sept. 21, 2006). Linetec cites the later discovery ruling. R.Doc. 30 at 15. Any preservation directive here should apply reciprocally to the identified files, device records, and custodians.

4. <u>The schedule leaves inadequate time for compliance.</u>

The fourth good-cause factor, the burden of compliance, also weighs against expedited discovery. Linetec's motion describes 15 production requests and ten interrogatories per defendant; the exhibits contain 14 requests and eight interrogatories to SES and 12 requests and eight interrogatories to Snyder. R.Doc. 30 at 9; R.Doc. 30-1 through 30-4. Linetec's proposed order gives SES seven days to answer and produce. R.Doc. 30-5 at 2. Linetec also includes specific instructions for production of Electronically Stored Information (ESI) and demands an itemized privilege log. R.Doc. 30-3 at 5–7. Linetec identifies no basis to require a seven-day turnaround on broad requests with detailed instructions.

The proposed order gives SES 20 days to present a corporate witness for a four-hour deposition, but specifies no topics; rather, the motion refers to injunction issues generally. R.Doc. 30-5 at 2; R.Doc. 30 at 11. Rule 30(b)(6) requires reasonably particular topics and testimony on information reasonably available to the organization. Fed. R. Civ. P. 30(b)(6). While the four-hour cap limits the examination, it offers no relief as to the preparation.

In another energy-services case, the plaintiff sought seven-day written responses, hiring and customer records, depositions, forensic imaging, third-party subpoenas, and a preservation order. After denying preliminary relief, the court separately found the requested discovery "not reasonable or narrowly tailored" and

"unreasonably extensive and broad in nature." *BHI Energy I Power Servs., LLC v. KVP Energy Servs., LLC*, No. 3:22-CV-1981-L, 2023 WL 223179, at *7–8 (N.D. Tex. Jan. 17, 2023).

5. <u>Linetec identifies no harm that cannot wait for ordinary discovery.</u>

The fifth good-cause factor, how far in advance of the typical discovery process the request was made, likewise weighs against a finding of good cause. Linetec does not explain what it may lose by waiting the 30 days the Federal Rules ordinarily allow for written discovery. Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A). Its only claim of ongoing misconduct is that, even after receiving cease-and-desist letters, Defendants "brazenly continued their unlawful conduct." R.Doc. 30 at 8. But the paragraphs of the Complaint Linetec cites for that assertion describe nothing more than the parties' pre-suit correspondence, ending with Linetec's complaint that it "has not received all of the requested assurances." R.Doc. 1 at ¶¶ 67–72. They allege no post-letter solicitation, no transfer of any file, and no use of any Linetec information by SES. Linetec's dissatisfaction with SES's response to a demand letter is not an exigency.

Instead, Linetec touts the early timing of its request as a reason to grant it. R.Doc. 30 at 17. On Linetec's reading, every plaintiff would satisfy the fifth factor the day it filed suit. That timing weighed against the plaintiff in *OrthoAccel* even though it, like Linetec, offered reciprocal discovery. 2016 WL 3747222, at *5;

R.Doc. 30 at 9. The recency of Linetec's own filing is no exigency. It means only that the ordinary discovery process has not yet begun. Linetec has not established that it cannot engage in discovery under the timeframes established in Title V of the Federal Rules.

### D. Alternatively, discovery should be severely limited.

Should the Court be inclined to permit expedited discovery, such discovery should be limited and narrowly tailored to the preliminary injunctive relief sought by Linetec. Specifically, in balancing Linetec's purported need for discovery against the burden and costs imposed upon SES, expedited discovery should be limited to written discovery requests regarding information and documents concerning Snyder's current status, duties, and customer assignments, and whether SES received, holds, or transmitted either workbook identified in ¶ 58 of the Complaint.

## III. CONCLUSION

Linetec's Renewed Motion for Expedited Discovery should be denied. In addition to being premature, Linetec has not established an exigency justifying the burden and prejudice of expedited discovery. Further, Linetec has not established that its requested expedited discovery is narrowly tailored and necessary for adjudication of its request for a preliminary injunction. Alternatively, should this Court be inclined to permit limited expedited discovery, such discovery should be limited to items relevant to the requested preliminary injunction, as outlined above.

Dated: November 13, 2026

Respectfully submitted,

**FAIRCLOTH MELTON BASH & GREEN, LLC**

By: */s/ Jimmy R. Faircloth, Jr.*
Jimmy R. Faircloth, Jr.
Attorney-in-Charge
Louisiana Bar Roll No. 20645
Admitted Pro Hac Vice October 13, 2026
105 Yorktown Drive
Alexandria, Louisiana 71303
T: (318) 619-7755
jfaircloth@fairclothlaw.com

Franklin Andrew "Drew" Hoffmann
Louisiana Bar Roll No. 35824
Admitted Pro Hac Vice October 13, 2026
450 Laurel Street, Suite 1850
Baton Rouge, Louisiana 70801
T: (225) 343-9535
dhoffmann@fairclothlaw.com

**ATTORNEYS FOR DEFENDANT SHELTON ENERGY SOLUTIONS, LLC**

**CERTIFICATE OF SERVICE**

I certify that on November 13, 2026, this document was filed through the Court's CM/ECF system, which will send notice of electronic filing to all counsel of record, including counsel for Plaintiff Linetec Services, LLC and counsel for Defendant Derek Snyder.

*/s/ Jimmy R. Faircloth, Jr.*
Jimmy R. Faircloth, Jr.